# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANTAR H. ROBERTS, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 13-0772-CV-W-FJG <br> Crim. No. 10-0162-12-CR-W-FJG |

## ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1). Movant, who is incarcerated at the Federal Correctional Institution in Littleton, Colorado, filed the pending motion on July 31, 2013.[1] Movant entered a guilty plea in the above-captioned criminal case on October 28, 2010, and was sentenced to 151 months of imprisonment on one count of conspiracy to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base on November 21, 2011. Written Judgment was entered on November 22, 2011. On December 29, 2011, movant filed an untimely *pro se* notice of appeal, which was dismissed by the United States Court of Appeals for the Eighth Circuit on May 25, 2012.

Respondent argues that movant's Section 2255 motion is untimely-filed pursuant to the one-year statute of limitations set forth in Section 2255[2] (Doc. No. 3). Movant

---

[1] Movant's motion was mailed and dated on July 25, 2013.

[2] 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

responds that equitable tolling should be applied to both his *pro se* notice of appeal and to the untimely filing of this Section 2255 motion because his guilty plea counsel failed to follow movant's express instructions to file a notice of appeal and because movant could not contact his attorney in time to file a timely notice of appeal. Doc. No. 5. Movant further states in his "Sur-Reply" (Doc. No. 9) that he "was not able to obtain or discover evidence needed to support the grounds alleged in his 28 U.S.C. § 2255 motion . . . until February 28, 2013, when movant received information requested from the court." Doc. No. 9, p. 1.

Because movant did not file a timely direct appeal challenging the entry of his Judgment and Commitment Order on November 22, 2011, movant's judgment of conviction became final and the one-year statute of limitations for his Section 2255 motion began to run no later than December 6, 2011, when the fourteen-day period for taking a direct appeal under Fed. R. App. P. 4(a)(1)(A)(i) expired. Therefore, movant had until December 6, 2012, to file a timely Section 2255 motion.

Movant signed his Section 2255 motion on July 25, 2013, more than six months

---

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

after the statutory deadline. The Eighth Circuit has held that equitable tolling of the one-year statute of limitations applies only where extraordinary circumstances beyond a prisoner's control prevent timely filing, see United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006), and where the prisoner has exercised due "diligence in pursuing the matter." See United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005). In the present matter, the government had no part in lulling movant into inaction or in preventing movant from filing a timely direct appeal. Moreover, movant has failed to demonstrate due diligence in pursuing this Section 2255 motion by filing it over six months out-of-time. Earl v. Fabian, 556 F.3d 717, 724 (8th Cir. 2009)(no due diligence when movant delayed filing motion despite having notice and at least eight months to file motion); Garrett v. United States, 195 F.3d 1032, 1033 (8th Cir. 1999)(an untimely motion does not extend or toll the time to file an appeal).

Finally, any unfamiliarity with the laws or lack of legal research materials do not relieve movant of the duty to file a timely motion pursuant to 28 U.S.C. § 2255. See United States v. McIntosh, 332 F.3d 550, 551 (8th Cir. 2003)(citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015-16 (8th Cir. 2003))(finding unrepresented prisoner's lack of legal knowledge does not support equitable tolling); Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003)(finding time limitations on use of law library did not make it impossible for petitioner to file her petition on time, denying equitable tolling).

Accordingly, it is **ORDERED** that movant's motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 is **DENIED** as untimely, and this case is **DISMISSED WITH PREJUDICE**. No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be

denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date: <u>November 4, 2013</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge